**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

JONATHAN LOVETT                                    CIVIL ACTION NO. 25-1586

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

USAA CASUALTY INSURANCE                            MAGISTRATE JUDGE WHITEHURST
COMPANY

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 20) filed

by Defendant, USAA Casualty Insurance Company ("USAA"). Plaintiff, Jonathan Lovett

("Lovett"), has not filed an opposition, and the time to do so has expired. Because USAA

has established the absence of a genuine dispute of material fact, its Motion (Record

Document 20) is **GRANTED**.

**FACTUAL BACKGROUND**

This matter arises from claims asserted by Lovett against USAA for breach of

contract and bad faith under La. R.S. § 22:1892 relating to a residential fire loss occurring

in March 2025. See Record Document 1-3. USAA contends that it promptly issued

substantial payments to Lovett following the reported loss, including payments for

personal property and additional living expenses. See Record Document 20-1 at 2.

Specifically, USAA paid 75% of the personal property policy limit, or $141,750, pursuant

to the terms of the insurance contract. See id. at 13.

Although Lovett filed this suit asserting that additional payments are owed, the

terms of the policy provide that payments exceeding 75% of the personal property limit

are contingent upon the insured proving such loss. See Record Document 20-2 at 10, 37,

53, 72–73. Accordingly, USAA contends that Lovett failed to provide documentation

supporting entitlement to any additional amounts claimed under the policy despite USAA's repeated requests for such information. See Record Document 20-1 at 13. USAA also notes that Lovett has been arrested for alleged fraud relating to the insurance claims arising from this fire and that those criminal proceedings remain pending in state court. See Record Document 20 at 2.

## LAW AND ANALYSIS

### I.   Applicable Standards

A court should grant a motion for summary judgment when the pleadings "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id. If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ...." Id.

Although the motion is unopposed, the Court may not grant summary judgment merely because no opposition was filed. See Fed. R. Civ. Proc. 56(e)(3); see also Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n. 3 (5th Cir. 1995). "The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed." Gonzales v. Abdurasulov, No. 3:22-CV-00654, 2022 WL 2717633, at *1 (W.D. La. July 13, 2022)

## II.      Analysis

Under the Western District of Louisiana's Local Rule 7.4, a party who opposes a motion should file a response in accordance with the Notice of Motion Setting. If there is no Notice of Motion Setting, "the default rule is that a memorandum in opposition may be filed within 14 days after a motion is filed, and a reply memorandum may be filed within seven days after the opposition is filed." Here, the Motion was filed on May 1, 2026. See Record Document 20. The Notice of Motion Setting was issued that same day, stating that the deadline for a memorandum in opposition was May 14, 2026. See Record Document 21. No opposition or Motion for Extension of Time to file an opposition was filed within the permitted time. Accordingly, the Court considers the Motion unopposed.[1]

---

[1] The Court notes that Lovett curiously filed a Motion for Extension of Trial Deadlines (Record Document 22) which did not request an extension of the opposition deadline for the Motion for Summary Judgment.

3

The Court has reviewed the Motion for Summary Judgment, the supporting memorandum, the summary judgment evidence submitted by USAA, and the applicable law. The summary judgment evidence demonstrates that USAA tendered substantial payments shortly after the loss was reported and repeatedly requested additional documentation from Lovett regarding his claimed additional living expenses and alleged remaining personal property losses. <u>See</u> Record Document 20-3 at 4–7; 20-9; 20-10. The record is void of any evidence suggesting that Lovett provided documentation establishing entitlement to additional policy benefits beyond those already paid by USAA.

Based upon the undisputed record before it, the Court finds that USAA has established the absence of a genuine dispute of material fact and has demonstrated entitlement to judgment as a matter of law on Lovett's breach of contract and bad faith claims.

## CONCLUSION

Based on the reasons explained above, the Motion for Summary Judgment (Record Document 20) filed by USAA is **GRANTED**. Lovett's claims are **DISMISSED WITH PREJUDICE**.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of May, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT